UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PERCY L. HALL,

    Plaintiff,

v.                                                Case No. 3:23cv23986-MCR-HTC

CHIP SIMMONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Percy L. Hall, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 relating to the conditions of confinement at the Escambia County Jail. ECF Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to Plaintiff's abuse of the judicial process in failing to accurately disclose his litigation history.

**I.    Background**

Plaintiff is a prisoner currently confined at the Santa Rosa Correctional Institution Annex. He alleges that while detained at the Escambia County Jail in 2022, he received inadequate medical treatment and was exposed to unsanitary conditions such as black mold, rust, peeling paint, and a leaky ceiling.

## II. Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## III. Failure to Accurately Disclose Litigation History

Section VII of the Northern District of Florida's civil rights complaint form used by Plaintiff, titled "Prior Litigation," asks the following questions: (1) "Have you had any case in federal court … dismissed … prior to service?"; and (2) "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" ECF Doc. 1 at 9. Plaintiff answered "no" to both questions and did not identify any prior litigation as being responsive to those questions.[1] At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 11. Thus, Plaintiff has in effect stated that at the time he filed the

---

[1] The only cases Plaintiff indicated he has filed involve attacks on his conviction and sentence. ECF Doc. 1 at 10.

Case No. 3:23cv23986-MCR-HTC

complaint, he had not filed any cases in federal court which were dismissed prior to service or which dealt with the same facts involved here.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms. Upon such an investigation, the undersigned takes judicial notice Plaintiff previously filed the case *Hall v. Escambia Cnty. Jail*, N.D. Fla. Case No. 3:22cv5417-MCR-HTC,[2] which alleged Plaintiff was exposed to unsanitary conditions while detained at the Escambia County Jail, including black mold, a leaky roof, peeling paint, and rust. Furthermore, this case was dismissed prior to service pursuant to Plaintiff's notice of voluntary dismissal. Plaintiff should have disclosed the existence of this case in response to the questions on the complaint form but did not.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: **"[F]ailure to disclose all prior state and federal cases – including, but not limited to civil case[s],**

---

[2] This case bears Plaintiff's Florida Department of Corrections inmate number (P11415), which confirms he filed it.

Case No. 3:23cv23986-MCR-HTC

***habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified."*** ECF Doc. 1 at 8. Nonetheless, Plaintiff made a false representation in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## IV.   Conclusion

Based on the foregoing, the undersigned finds Plaintiff made at least two false representations under penalty of perjury in the complaint by failing to accurately disclose his prior litigation history. Such conduct is considered "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i) and is grounds for dismissal.

Accordingly, it is RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2.   That the clerk close the file.

At Pensacola, Florida, this 17th day of October, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.